# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KERON SMITH <br> 21 Treeway Court <br> Towson, MD 21286 <br><br> Plaintiff, <br><br> v. <br><br> WOLF PROFESSIONAL SECURITY, INC. <br> 3340 Flicker Road <br> Westminster, MD 21158 <br>     **SERVE:** Ned S. Kodeck, Resident Agent <br>     8 Reservoir Circle, Suite 203 <br>     Baltimore, MD 21208 <br><br> BRIAN WOLF <br> 10451 Mill Run Circle, Suite 400 <br> Owings Mills, MD 21117 <br><br> RICHARD LANDSMAN <br> 408 Dove Lane <br> Hampstead, MD 21074 <br><br> And <br><br> MATTHEW McELWEE <br> 251 Frederick St., Apt. F <br> Hanover, PA 17331 <br><br> Defendant. | Case No.: <br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Keron Smith ("Plaintiff"), by and through his undersigned counsel, hereby brings this Complaint against Defendants Wolf Professional Security, Inc. ("WPS"), Brian Wolf ("Wolf"), Richard Landsman ("Landsman") and Matthew McElwee ("McElwee", together "Defendants") to recover damages for unlawful retaliation in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and for grounds states as follows:

### Parties and Jurisdiction

1. Plaintiff is an adult resident of the State of Maryland. Plaintiff consents to be a

plaintiff in a Fair Labor Standards Act case.

2. Defendant WPS is a corporation formed under the laws of Maryland with its principal place of business located in Maryland.

3. Defendant WPS operates as a security company throughout the State of Maryland.

4. During the period relevant to this action (about January 2, 2018), Defendant WPS qualified as Plaintiff's "employer" and the employer of all other security guards, supervisors, and managers who worked for WPS, within the meaning of the FLSA.

5. During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00; used tools, equipment, electronics, and other office supplies that passed in interstate commerce; and otherwise qualified as an "enterprise engaged in commerce" under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

6. Defendant Wolf is an adult resident of the state of Maryland and an owner of WPS.

7. Defendant Landsman is an adult resident of the state of Maryland and an owner of WPS

8. Defendant McElwee is an adult resident of the state of Pennsylvania and an owner of WPS

9. In addition to being owners, the individuals Wolf, Landsman, and McElwee controlled the day-to-day operations of WPS, and were responsible for all employment decisions including decisions regarding the payment of wages and the hiring, firing, and disciplining of employees. Therefore, the individual defendants Wolf, Landsman, and McElwee qualify as "employers" under the FLSA.

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under a federal statute.

11. This Court has personal jurisdiction over all Defendants and venue is proper in this

district pursuant to 28 U.S.C. § 1391.

## Facts of Plaintiff's Claims

12. During the relevant period, Plaintiff was employed as a supervisor at Defendants' customer's site at Under Armour in the state of Maryland.

13. On or about December 30, 2017, a subordinate co-worker, Mr. Sears, complained to Plaintiff that Mr. Sears was not being paid overtime for all the hours he worked.

14. Specifically, Mr. Sears complained that he was not being paid for roughly 10 hours of overtime he worked per week.

15. Upon receiving this complaint, Plaintiff sent a text message to Defendant Wolf. In this text message Plaintiff informed Defendant Wolf that Mr. Sears was not being paid properly because he was not being paid for his overtime.

16. Later that day, Mr. Dennis Haines, who was Mr. Sears' supervisor at the time, called Mr. Sears to admonish him for making the complaint. Plaintiff was present with Mr. Sears at the time. Mr. Sears handed the phone to Plaintiff, and Plaintiff told Mr. Haines that Mr. Sears was not being properly paid for his overtime hours. Mr. Haines hung up on Plaintiff without responding.

17. Later that same day, Al Bleach, project manager, called Plaintiff demanding an explanation for what had occurred. Plaintiff reiterated for the third time that a subordinate was not being paid properly for his overtime work. Shortly thereafter, Mr. Bleach removed Plaintiff's access to the Under Armour site.

18. That same night, Defendant Wolf called Plaintiff and told him "you do not belong in management" and that employee pay is "not your responsibility."

19. On December 31, 2017, Defendant Landsman told Plaintiff not to return to work until January 2, 2018, when he will have a meeting with Plaintiff.

20. On January 2, 2018, Plaintiff attended a meeting with Defendant Landsman and Al Bleach. Defendant Landsman said Plaintiff was being terminated because he "created damage." Plaintiff's employment was terminated that same day.

## CAUSE OF ACTION

### COUNT I

**Violation of Federal Fair Labor Standards Act**
Prohibition Against Retaliation, 29 U.S.C. §215(a)(3)

21. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

22. Under the FLSA, it is illegal for any employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act."

23. The U.S. Court of Special Appeals for the Fourth Circuit has interpreted this provision to cover internal complaints. *Jafari v. Old Dominion Transit Mgmt. Co.*, 462 F. App'x 285, 289 (4th Cir. 2012) ("we conclude that intracompany complaints may constitute protected activity within the meaning of 29 U.S.C. §215(a)(3).").

24. As set forth above, Plaintiff complained to his superiors about Defendants' improper pay practices, *viz.* not paying Mr. Sears overtime, no less than three times.

25. As set forth above, Defendants suspended Plaintiff the day after he first made his complaint, and terminated his employment three days later.

26. Defendants' suspension and later termination of Plaintiff comprised unlawful retaliation against Plaintiff for complaining about improper pay practices in violation of the FLSA.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment against Defendants, jointly and severally, for unlawfully retaliating

against Plaintiff in violation of the FLSA;

B. Judgment that Defendants' violation of the FLSA was willful and was not the product of good faith on the part of Defendants;

C. An award to Plaintiff and against Defendants, jointly and severally, for all backpay found to be due and owing to Plaintiff, and for the award of liquidated damages in in an equal amount;

D. An award to Plaintiff reinstating him to his former position with Defendants, or its equivalent; or, in the alternative, for front pay in an amount to be proven at trial;

E. An award to Plaintiff as compensation for the emotional and mental distress he suffered as a result of Defendants' violation of the FLSA;

F. A judgment against Defendants for punitive damages;

G. An award of attorneys' fees and costs against Defendants, jointly and severally, in an amount to be determined by post-trial petition; and

E. Such further relief as may be necessary and appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims.

_/s/ Roy Lyford-Pike_  
Roy Lyford-Pike

Respectfully submitted,


      */s/ Roy Lyford-Pike*
Philip B. Zipin, Esq., Bar #03932
Roy Lyford-Pike, Bar #19836
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
pzipin@zagfirm.com
rlpike@zagfirm.com

*Counsel for Plaintiff*